UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14396-CIV-ALTMAN

JEFFREY W. MALLON,

    *Plaintiff*,

v.

ST. LUCIE COUNTY
PUBLIC DEFENDER'S OFFICE,

    *Defendant*.

_____/

## ORDER

The Plaintiff, Jeffrey W. Mallon, has filed a *pro se* Complaint under 42 U.S.C. § 1983, alleging a hodgepodge of claims against his court-appointed attorney. *See* Complaint [ECF No. 1] at 7–8 (arguing that the Defendant "failed to comply with the dictates of due process" and that "a man is being illegally restrained of his liberty"). Mallon has also moved to proceed *in forma pauperis* ("IFP"). *See* IFP Motion [ECF No. 3]. But Mallon has a long history of filing frivolous and repetitive pleadings—both in this Court and in state court—and this Complaint is just one more of those. After careful review, therefore, we **DISMISS** the Complaint under the "three-strikes" provision of 28 U.S.C. § 1915(g).

### THE LAW

When a prisoner-plaintiff proceeds IFP, his complaint must be screened under the provisions of 28 U.S.C. § 1915(g)—also known as the "three strikes provision." *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020) ("[A] court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee, [but] the court may also consider the merits to dismiss the case with prejudice instead."). That provision reads, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).

In other words, "Section 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (cleaned up). Once a prisoner has had three suits dismissed for one (or more) of the reasons set out in § 1915(g), he "must pay the full filing fee at the time he *initiates* suit[.]" *Ibid.* (emphasis in original). If the plaintiff doesn't pay the filing fee when he files the lawsuit—and unless he qualifies for the "imminent danger of serious physical injury" exception—the Court must "dismiss the action without prejudice when it denies the prisoner leave to proceed *in forma pauperis*." *Ibid.*

## ANALYSIS

In his rambling Complaint, Mallon vacillates between attacking the quality of the State's evidence against him, *see* Complaint at 2 ("At this point the evidence is insufficient to warrant a conviction."), questioning the competency of his court-appointed counsel, *id.* at 3 ("Current counsel should be free of any influence and prejudice which might substantially impair his ability to render independent legal advice to his indigent client."), and arguing that his current detention is illegal, *id.* at 5 ("Alert—petitioner is being illegally restrained of his liberty."). Since Mallon asks to proceed IFP, § 1915 requires us to determine whether, "on 3 or more occasions, while incarcerated or detained in any facility, [Mallon] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g). And the answer is a resounding *yes*.

By our count, in fact, this is the *seventh* § 1983 complaint Mallon has filed in our Court. As the following list makes clear, each of the previous six complaints raised similar claims, and all met nearly identical fates:

1. *Mallon v. Florida*, 2021 WL 2388945, at *1–2 (S.D. Fla. June 11, 2021) (Moore, C.J.) ("As set forth in the R&R, Magistrate Judge Reid recommends that the Court decline to exercise jurisdiction based on the U.S. Supreme Court's holding in *Younger* [*v. Harris*, 401 U.S. 37 (1971)]. . . . Accordingly, the Court concludes from the record that no clear error was made, and agrees with Magistrate Judge Reid's findings in the R&R.").

2. Order Dismissing Complaint, *Mallon v. Badger*, No. 21-14026-CIV (S.D. Fla. Jan. 20, 2021) (Altonaga, J.), ECF No. 4 at 2 ("Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Complaint fails to state a claim upon which relief can be granted.").

3. Order Dismissing Complaint, *Mallon v. Florida*, No. 22-14033-CIV (S.D. Fla. Jan. 27, 2022) (Altonaga, C.J.), ECF No. 4 at 3 ("Thus, Plaintiff cannot bring a section 1983 action to challenge his pretrial confinement. If Plaintiff wishes to challenge his bail amount, he must do so through habeas corpus." (cleaned up)).

4. Order on Screening, *Mallon v. Florida*, No. 22-14084-CIV (S.D. Fla. Mar. 10, 2022) (Dimitrouleas, J.), ECF No. 4 at 7 ("The Complaint is DISMISSED, pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim upon which relief can be granted.").

5. Order Dismissing Complaint, *Mallon v. Couzen*, No. 22-14211-CIV (S.D. Fla. June 10, 2022) (Cannon, J.), ECF No. 4 at 1 (dismissing the complaint because "Plaintiff failed to pay the filing fee").

6. Order Dismissing Complaint, *Mallon v. Belanger*, No. 22-14216-CIV (S.D. Fla. Aug. 5, 2022) (Cooke, J.), ECF No. 7 at 4 ("Plaintiff's bare and conclusory allegations do not meet any of the exceptions to *Younger* abstention.").[1]

Admittedly, not all six of these dismissals count as "strikes" under § 1915(g). So, for instance, Judge Cannon dismissed the complaint in *Mallon v. Couzen* because Mallon "failed to pay the filing fee," which doesn't qualify as a strike under the statute. *Cf. Dakar v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283–84 (11th Cir. 2016) ("Three specific grounds render a dismissal a strike: 'frivolous,'

---

[1] While our case was pending, Mallon filed *yet another* § 1983 complaint—now pending before Judge Robert N. Scola. *See* Complaint, *Mallon v. Belanger*, No. 22-14399-CIV (S.D. Fla. Nov. 30, 2022), ECF No. 1.

'malicious,' and 'fails to state a claim upon which relief may be granted.' Under the negative-implication canon, these three grounds are the only grounds that can render a dismissal a strike.").

Nor do we think the two § 1983 complaints Judges Moore and Cooke dismissed on *Younger* grounds count as "strikes," either. Although the Eleventh Circuit hasn't opined on this issue, the two federal appeals courts that have addressed it agree that a dismissal based on *Younger* is *not* a strike under § 1915(g). *See Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016) ("We hold that a dismissal due to *Younger* abstention, similar to a dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction, is not a strike under the PLRA."); *Carbajal v. McCann*, 808 F. App'x 620, 630 (10th Cir. 2020) ("Because the district court dismissed some of the claims in case No. 1:12-cv-02007 under *Younger*, we decline to assess a strike for this dismissal.").

Unfortunately for Mallon, though, that still leaves three § 1983 complaints that *were* dismissed because they "fail[ed] to state a claim upon which relief can be granted." 28 U.S.C. § 1915(g). Chief Judge Altonaga, for instance, dismissed two of Mallon's complaints after finding that Mallon had failed to state a plausible claim. *See* Order Dismissing Complaint, *Mallon v. Badger*, No. 21-14026-CIV (S.D. Fla. Jan. 20, 2021) (Altonaga, J.), ECF No. 4 at 1 ("Upon initial screening, the Court finds Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted."); Order Dismissing Complaint, *Mallon v. Florida*, No. 22-14033-CIV (S.D. Fla. Jan. 27, 2022) (Altonaga, C.J.), ECF No. 4 at 1 ("Upon initial screening, the Court finds Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted."). And Judge Dimitrouleas dismissed one of Mallon's complaints *both* because it was "frivolous" *and* because it failed "to state a claim upon which relief can be granted." Order on Screening, *Mallon v. Florida*, No. 22-14084-CIV (S.D. Fla. Mar. 10, 2022) (Dimitrouleas, J.), ECF No. 4 at 7. Since all three of these complaints—all filed while Mallon was incarcerated—"were dismissed for failure to state a claim," Mallon has "three strikes" and is

"barred from proceeding IFP[.]" *Mitchell v. Nobles*, 873 F.3d 869, 873–74 (11th Cir. 2017) (citing 28 U.S.C. § 1915(g)).

Mallon (it's true) *could* avoid the three-strikes label by alleging that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To do this, however, he would have to show "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). But Mallon never even tries to qualify for this exception. *See generally* Complaint. And that silence is enough for us to conclude that the imminent-danger exception doesn't save his claim. *See Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) (Zloch, J.) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Because the "imminent danger" exception doesn't apply here, Mallon is subject to the three-strikes rule—and, since he's failed to pay the filing fee, his Complaint must be dismissed. *See White*, 947 F.3d at 1377 ("We have construed this language to mean that a district court must dismiss a prisoner's claims when the prisoner has three strikes but failed to pay the filing fee when the suit began."); *Dupree*, 284 F.3d at 1236 ("Section 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." (cleaned up)).

Before we dismiss this case, though, we need to address two other matters. *First*, we recognize that Mallon's Complaint *could be* read as challenging the constitutionality of his confinement. *See* Complaint at 8 ("If it appears to a court of competent jurisdiction that a man is being illegally restrained of his liberty it is the responsibility of the court to brush aside the technicalities and issue such appropriate orders as will do justice."). If we construed his claim this way—*i.e.*, as a petition for writ of habeas corpus rather than as a civil-rights complaint—he wouldn't be subject to the three-strikes law. But his claim would still fail. That's because, in addition to the six prior § 1983 complaints

we've already mentioned, Mallon has *also* filed (in this Court) three petitions for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254—and all three were, for one valid reason or another, dismissed. *See* Amended Order, *Mallon v. Fla. Dep't of Corr.*, No. 21-14040-CIV (S.D. Fla. May 4, 2021) (Gayles, J.), ECF No. 6 at 4 ("The Petition must be dismissed because the Court lacks jurisdiction to entertain a writ of habeas corpus pursuant to 28 U.S.C. § 2254 from a petitioner that is not in custody pursuant to the judgment of a state court."); Order Dismissing Petition, *Mallon v. Fla. Dep't of Corr.*, No. 21-14187-CIV (S.D. Fla. July 15, 2021) (Gayles, J.), ECF No. 5 at 1 ("[T]he Petition must be summarily dismissed because Petitioner has not exhausted his available state court remedies and, alternatively, because the *Younger* abstention doctrine applies."); Order Dismissing 28 U.S.C. § 2241 Petition, *Mallon v. Florida*, No. 22-14151-CIV (S.D. Fla. May 13, 2022) (Rosenberg, J.), ECF No. 6 at 7 ("Petitioner came to this Court filing the *pro se* § 2241 Petition while his state criminal proceeding were still ongoing. He has not yet exhausted his state remedies and may well get the relief he seeks from the state trial or appellate courts. This federal habeas proceeding is also premature at best.").

The problem here, of course, is that Mallon's current Complaint continues to suffer from all the same deficiencies Judges Gayles and Rosenberg identified in dismissing his habeas claims before. So, for instance, he still fails to allege that he's exhausted his administrative remedies, and he doesn't point to any extraordinary circumstances that might get him around the *Younger* abstention doctrine. *See generally* Complaint; *cf. Maharaj v. Sec'y for Dep't of Corr.*, 304 F.3d 1345, 1348–49 (11th Cir. 2002) ("In *Younger,* the Supreme Court held that, *except in extraordinary circumstances*, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court. . . . If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without

prejudice." (emphasis added)).[2] In other words, whether we construe Mallon's pleading as asserting claims under § 1983 or § 2241, his fate would be the same.

*Second*, we find that Mallon's Complaint is both frivolous and malicious, and that it should be dismissed *with prejudice*. *See White*, 947 F.3d at 1379 ("So though a court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee, the court may also consider the merits to dismiss the case with prejudice instead."). A "duplicative complaint" represents an "abuse of the judicial process" and can be "properly dismissed as frivolous or malicious." *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021); *see also Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) ("A claim is frivolous if it is without arguable merit either in law or fact."). The Eleventh Circuit has consistently affirmed the *with*-prejudice dismissal of frivolous and malicious § 1983 complaints. *See, e.g.*, *Broner v. Wash. Mut. Bank, F.A.*, 258 F. App'x 254, 256–57 (11th Cir. 2007) ("[T]he district court did not abuse its discretion in finding her complaint frivolous and did not err in finding that it failed to state a claim. Accordingly, her complaint was properly dismissed with prejudice, pursuant to § 1915(e)(2)."); *Nails v. Franklin*, 279 F. App'x 899, 901 (11th Cir. 2008) ("We agree that Plaintiff's suit is frivolous and should be dismissed with prejudice.").

Mallon has filed *at least ten other cases* in our Court since 2020—all of which raised the same general complaints about the constitutionality of his detention in the St. Lucie County Jail. And all of these have been dismissed for one or more of the following reasons: because they failed to state a

---

[2] Chief Judge Altonaga took this same approach in dismissing a "hybrid" § 1983 complaint and § 2241 petition Mallon filed earlier this year. *See* Order Dismissing Complaint, *Mallon v. Florida*, No. 22-14033-CIV (S.D. Fla. Jan. 27, 2022) (Altonaga, C.J.), ECF No. 4 at 3 ("Importantly, even if Plaintiff had brought a habeas petition, it would still fail, for Plaintiff does not allege that he has exhausted his state remedies.").

viable claim, because they were frivolous, because their claims were barred by the *Younger* abstention doctrine, or because Mallon failed to exhaust his administrative remedies.[3]

Mallon continues to flood our Court with the same frivolous claims our colleagues have tossed out several times before. The state courts have already chastised him for abusing their dockets. *See Mallon v. State*, 2021 WL 1945145, at *1 (Fla. May 14, 2021) ("The petition for writ of mandamus is hereby dismissed because this Court generally will not consider the repetitive petitions of persons who have abused the judicial processes of the lower courts such that they have been barred from filing certain actions there."); *Mallon v. State*, No. 4D20-525 (Fla. 4th DCA Mar. 19, 2020) ("The Clerk of the Court is directed to no longer accept any paper filed by petitioner in connection with [Mallon's St. Lucie County case] unless the document has been reviewed and signed by a member in good standing of the Florida Bar who certifies that a good faith basis exists for each claim presented."). It's time that we did the same. "Given that [Mallon] knowingly filed this complaint containing claims duplicative of claims he had already asserted . . . and in light of his history as a prolific serial filer," his Complaint is dismissed *with prejudice. Daker*, 999 F.3d at 1310.[4]

***

---

[3] Mallon perfunctorily suggests that the state court deprived him of a "meaningful opportunity to be heard formerly or currently." Complaint at 7. But another judge on our Court has already determined that the state court merely struck Mallon's *pro se* filings because he was represented by counsel. *See Mallon*, 2021 WL 2388945, at *2 ("Additionally, the state court rulings attached as an exhibit to Plaintiff's Objections do not support his contention that the state court system does not afford him an adequate remedy, or that the state courts 'reached the merits' of his state court petition for writ of habeas corpus. Rather, the rulings indicate that Plaintiff's numerous *pro se* motions filed in state court were stricken as improper since he was represented by court-appointed counsel." (cleaned up)).

[4] We also warn Mallon that, if he continues to submit abusive and frivolous *filings*, we will not hesitate to sanction him—including with monetary sanctions. *Cf. Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc) ("[Mallon] can be severely restricted as to what he may file and how he must behave in his applications for judicial relief."); *Roggio v. United States*, 2013 WL 12176990, at *2 (S.D. Fla. Apr. 10, 2013) (Goodman, Mag. J.) ("Because Roggio is abusing the reconsideration motion mechanism, any future violations may lead to an award of sanctions, including costs, attorney's fees, and/or other monetary or non-monetary sanctions, against him.").

8

We therefore **ORDER and ADJUDGE** that the Complaint [ECF No. 1] is **DISMISSED with prejudice** as frivolous, malicious, and an abuse of the judicial process. The Clerk of Court shall **CLOSE** this case. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida on December 5, 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Jeffrey W. Mallon, *pro se*